**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4350**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

   v.

TANNER MOREN EAGLE LARCH,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:18-cr-00146-MR-WCM-1)

Submitted: February 25, 2022                Decided: March 3, 2022

Before MOTZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David A. Brown, Sr., FLANNERY | GEORGALIS, LLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tanner Moren Eagle Larch of two counts of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Larch to 92 months' imprisonment, to run consecutively to his revocation sentence.[*] On appeal, Larch argues for the first time that the Government presented no evidence at trial that he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed the firearms ("knowledge-of-status element"). *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that, to convict a defendant under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). We affirm.

In his motions for a judgment of acquittal under Fed. R. Crim. P. 29, Larch did not challenge the sufficiency of the evidence supporting the knowledge-of-status element, instead arguing that there was insufficient evidence to prove that he was the individual who possessed the firearms. "When a defendant raises specific grounds in a Rule 29 motion, grounds that are *not* specifically raised are waived on appeal unless a manifest miscarriage of justice has occurred." *United States v. Duroseau*, ___ F.4th ___, ___, No. 21-4104, 2022 WL 554041, at *3 (4th Cir. Feb. 24, 2022) (internal quotation marks omitted). "The point of error-preservation rules, including the requirement that a Rule 29 motion include

---

[*] We affirmed Larch's eight-month revocation sentence. *United States v. Larch*, 829 F. App'x 636 (4th Cir. 2020) (No. 20-4125).

2

all grounds supporting acquittal, is to give the district court the first opportunity to consider an issue and correct any errors." *Id.* Larch deprived the district court of that opportunity here. Contrary to the Government's argument, though, Larch is not categorically prohibited from raising his sufficiency challenge for the first time on appeal. Instead, he can prevail if he shows that a manifest miscarriage of justice occurred. *See id.* at *3 n.2 ("Because courts do in fact review the newly asserted grounds for Rule 29 motions to determine if a manifest miscarriage of justice occurred, it is clear that these Rule 29 cases actually involve forfeiture, not waiver.").

"[T]he 'manifest miscarriage' language [is] simply a formulation of the plain-error test's application to insufficiency claims." *United States v. Delgado*, 672 F.3d 320, 331 n.9 (5th Cir. 2012) (en banc); *see also United States v. Norris*, 21 F.4th 188, 199 (1st Cir. 2021) (explaining that, because defendant "raised his *Rehaif* claims for the first time in a motion for a new trial or thereafter, [the court] review[s] only for plain error"—that is, the claim is "reviewed under the less forgiving clear and gross injustice standard" (cleaned up)). For a defendant to prevail under the plain-error standard, we must find that: "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "[A]n appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred." *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021).

We need not decide whether Larch has satisfied the first two elements of plain-error review because, even if he has, he has not satisfied the remaining prongs of the test. In *Greer*, the Supreme Court held that, for a defendant to show that a *Rehaif* error affected his substantial rights, the defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. While "*Greer* specifically addressed challenges to one court's failure to instruct the jury that it needed to find the knowledge-of-status element," we may "also consider under *Greer*'s purview [Larch's] challenge[] . . . to the sufficiency of the evidence of the knowledge-of-status element." *Norris*, 21 F.4th at 200.

We conclude that Larch cannot reasonably argue that he did not know he was a convicted felon when he possessed the firearms and, therefore, any *Rehaif* error did not affect his substantial rights. Larch served 78 months in prison shortly before he possessed the firearms, admitted that he was a convicted felon, and relayed his knowledge of his 78-month prison term at sentencing. *See Greer*, 141 S. Ct. at 2097-98 (concluding that defendant did not meet his burden of showing that *Rehaif* instructional error affected his substantial rights on similar facts).

Finding that Larch is not entitled to plain-error relief, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*